**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                      Case No. 20-cr-119-01-JD

<u>James Watson</u>

**<u>Public Access Findings</u>**

**I.   <u>Background</u>**

Today's hearing is taking place during the public health emergency caused by the COVID-19 outbreak.  All parties to this proceeding, including the court, are appearing remotely via video teleconference.  The court's protocols for this hearing are laid out in Standing Order 20-7 (Mar. 23, 2020).  The court finds that conducting this hearing via video teleconference — under the unique circumstances presented by the COVID-19 pandemic — is the best way to ensure the safety of the litigants, court personnel, and the public at large.  All findings made in the court's prior standing orders are incorporated herein.  <u>See</u> Standing Order 20-25 (July 24, 2020).[1]

Today's hearing has been noticed as a video teleconference. The fact that this hearing is being conducted by video teleconference impacts the public's right to access court

---

[1] All the court's Standing Orders regarding the COVID-19 outbreak can be found here: http://www.nhd.uscourts.gov/court-response-coronavirus-disease-covid-19.

proceedings.  See Press-Enter. Co. v. Superior Court, 464 U.S. 501, 509-10 (1984).  Information regarding the hearing appears on the court's public docket, which is available on the court's public website.  Instructions regarding how members of the public can join the hearing are also available on the court website.  In the event the defendant consents to proceed, the court makes the findings below.

## II.  **Partial Rather Than Total Closure**

The court first finds that this video hearing constitutes a partial, rather than total, closure of these proceedings.  The court so finds because the goals of public access will still be achieved: this proceeding is not being held in secret and the public, including members of the press, maintains the opportunity to access this proceeding in real time.  See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 593-97 (1980) (Brennan, J., concurring in the judgment) (discussing the functions of public access to court proceedings, including ensuring that procedural rights are protected and that justice is administered equally, maintaining public confidence in the justice system, enabling the public to act as a check on judicial power, and promoting accurate fact-finding); see also Bucci v. United States, 662 F.3d 18, 22 (1st Cir. 2011) (discussing benefits of openness in criminal proceedings).

Under the extraordinary circumstances presented by the
continuing COVID-19 pandemic, the court finds this partial
closure is necessary.

III. **Findings in Support of Necessity for this Partial Closure**

A. **First, the court finds that protecting the health and
   safety of the public and the parties to this proceeding
   from the spread of COVID-19 is a substantial interest that
   would be jeopardized and prejudiced if the court did not
   impose this partial closure.**

Since the first announced case in New Hampshire on March 2,
2020, the state has reported 8,645 confirmed cases of COVID-19.[2]
As of October 5, 2020, 443 deaths have been attributed to the
disease in this state.[3]  Further, as of October 5, 2020,
approximately 2,750 people are being monitored for signs of
COVID-19 infection, 465,878 total tests[4] have been reported (both
positive and negative test results), and community-based

---

[2] COVID-19, N.H. Dep't of Health and Human Servs.,
https://www.nh.gov/covid19/ (last visited Oct. 5, 2020); Explore
the Data: Tracking COVID-19 in New Hampshire, N.H. Pub. Radio,
https://www.nhpr.org/post/updated-tracking-covid-19-cases-and-
testing-new-hampshire#stream/0 (last visited Oct. 5, 2020).  The
statistics in this paragraph change frequently; updated figures
are available at the sources cited.

[3] COVID-19, N.H. Dep't of Health and Human Servs.,
https://www.nh.gov/covid19/ (last visited Oct. 5, 2020); Explore
the Data: Tracking COVID-19 in New Hampshire, N.H. Pub. Radio,
https://www.nhpr.org/post/updated-tracking-covid-19-cases-and-
testing-new-hampshire#stream/0 (last visited Oct. 5, 2020).

[4] This statistic refers to the polymerase chain reaction
("PCR") test.  COVID-19 diagnostic testing, Mayo Clinic,
https://www.mayoclinic.org/tests-procedures/covid-19-diagnostic-
test/about/pac-20488900 (last visited Oct. 5, 2020).

transmission has been confirmed.[5]  Nationally, as of October 5,
2020, the number of confirmed cases has grown to 7,664,266, with
214,852 cases resulting in death.[6]

Given the contagious nature of the virus and the
exponential growth in cases, COVID-19 presents an enormous
danger to the health and safety of the public, including the
litigants, security, and court personnel involved in this
proceeding.  The court's interest in preventing the spread of
COVID-19 and preserving the health of all hearing participants,
including the public, is a weighty and substantial interest that
would likely be prejudiced if the court were not to impose this
partial closure.  See United States v. Smith, 426 F.3d 567, 572-
73 (2d Cir. 2005) (finding that U.S. Marshals' policy after
September 11th of requiring unknown visitors to court to produce
photo identification constituted partial closure of courtroom
that was justified by substantial reason of promoting security
and preventing terrorism).

---

[5] COVID-19, N.H. Dep't of Health and Human Servs.,
https://www.nh.gov/covid19/ (last visited Oct. 5, 2020);
COVID-19 Overview Dashboard, N.H. Dep't of Health and Human
Servs., https://www.nh.gov/covid19/dashboard/overview.htm#dash
(last visited Oct. 5, 2020); Explore the Data: Tracking COVID-19
in New Hampshire, N.H. Pub. Radio,
https://www.nhpr.org/post/updated-tracking-covid-19-cases-and-
testing-new-hampshire#stream/0 (last visited Oct. 5, 2020).

[6] Real Clear Politics, https://www.realclearpolitics.com/
(last visited Oct. 5, 2020).

**B. Second, the court finds that this partial closure of court proceedings is narrowly tailored to protect public health and safety and is less restrictive than the court's current in-court hearing protocols.**

Allowing the public to access these proceedings through video teleconference allows members of the public to access the proceedings while, at the same time, protecting the health of all involved by limiting the potential exposure of the public, parties, and court staff to COVID-19.

Importantly, the court finds that, in light of the court's current restrictions on the number of people permitted in the courtroom, providing public video access is less restrictive than holding an in-person hearing which only a more limited number of people can attend. Further, via video, even individuals who would have otherwise been prohibited from entering the courthouse — for example, people who have tested positive for COVID-19 — now have access (even though virtual) to the proceedings. See Standing Order 20-28 (Aug. 5, 2020) (prohibiting certain individuals from entering the courthouse, including people recently diagnosed with COVID-19 or exposed to someone diagnosed with COVID-19). Providing the public access to this proceeding via video is the least restrictive means of protecting the substantial interest of public health and safety. See United States v. Alimehmeti, 284 F. Supp. 3d 477, 490 (S.D.N.Y. 2018) (granting partial closure of courtroom to

protect identity of undercover agents: courtroom was closed to public during undercover agents' testimony but audio of testimony was live-streamed into different courtroom and transcripts of testimony were promptly made available to public).

### C. Third, the court has considered reasonable alternatives to this partial closure.

The court has considered alternatives to this partial closure and finds they are neither reasonable nor feasible under the circumstances of the COVID-19 pandemic and this case, particularly the necessity that this hearing be conducted promptly.

## IV.  <u>Conclusion</u>

In sum, the court finds that in this case a partial closure of court proceedings is necessary in that today's hearing will be conducted by video teleconference.  This partial closure is justified by the substantial interest of protecting public health and safety.  The public maintains the opportunity to access this proceeding by video teleconference.

**SO ORDERED.**

Andrea K. Johnstone
United States Magistrate Judge

   November 25   , 2020

cc:  Counsel of record

6